## WILEY *v.* DOE on the Demise of MEYNECKE.

Ejectment. The following instructions were asked and refused: 1. " To make a line between the parties on the supposed fence, by consent and agreement, it must be shown that this fence, or pretended line, had a fixed, certain, and established locality, and if the pretended fence or line was shifting, the jury should not find for the plaintiff;" 2. " If it has been proved that the plaintiff, or those under whom he claims, at any time within twenty years befoie the commencement of this suit,.acknowledged the right and title of the defendant in the premises in dispute, the statute of limitations does not apply, nor can the plaintiff set up an adverse possession so as to enable him to sustain this action." *Held,* that the instructions were rightly refused.

*Held,* also, that, as the transcript says there was evidence on this subject, but does not give it, the evidence may have authorized the refusal of these instructions, and this Court will so presume.

Monday,
October 28.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—This was an action of ejectment, in which *Wiley* was the defendant. Plea—not guilty. Verdict and judgment for the plaintiff.

On the trial, the defendant asked the following instruction to the jury:

" To make a line between the parties on the supposed fence, by consent and agreement, it must be shown that this fence, or pretended line, had a fixed, certain, and established locality; and if the pretended fence or line was shifting, uncertain, and frequently moved, the jury should not find for the plaintiff."

This instruction was correctly refused. If the parties once agreed that a certain fence was on the line between them, that fence might, surely, be afterwards frequently moved under circumstances which would not affect the line before agreed on.

The defendant also asked the following instruction:

"If it has been proved to your satisfaction that the plaintiff, or those under whom he claims, at any time within twenty years before the commencement of the suit, acknowledged the right and title of the defendant in the premises in dispute, the statute of limitations does not apply, nor can the plaintiff set up an adverse possession, so as to enable him to sustain this action."

This instruction was also rightly refused. Assuming the instruction to be otherwise correct, it is liable to the following objection: The acknowledgment mentioned in it may have been made by a person under whom *Meynecke* claims, after that person had transferred his right and possession to *Meynecke*. In that case, the acknowledgment would not be evidence against *Meynecke*.

The transcript says there was evidence on the subject of those instructions; but it does not give us the evidence. It is evident that there may have been evidence that authorized the refusal of the instructions; and we must presume that there was.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*J. B. Sleith,* for the plaintiff.

*J. Ryman,* for the defendant.